**ASHBY & GEDDES**

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

December 6, 2013

The Honorable Richard G. Andrews  **BY CM/ECF**
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

    Re:    FastVDO Litigation

Dear Judge Andrews:

    Pursuant to this Court's July 26, 2013 Scheduling Order,[1] Defendants[2] each request permission to file an early motion for summary judgment of noninfringement of U.S. Patent No. RE 40,081 ("the '081 patent"), entitled "Fast Signal Transforms With Lifting Steps," and bearing a reissue date of February 19, 2008. Plaintiff FastVDO, LLC ("Plaintiff" or "FastVDO") asserts that the '081 patent is essential to the H.264 and VC-1 video compression standards (collectively, the "Standards"),[3] and that each Defendant's compliance with either of these Standards necessarily results in infringement of the asserted claims. As detailed below, Defendants' proposed summary judgment motions would show the opposite. Compliance with either of these Standards necessarily results in noninfringement of the claims because the standards do not involve "lapped transforms," which this Court previously determined are required by the '081 patent: "the written description repeatedly and consistently defines the invention as comprising a lapped transform." *See FastVDO v. Apple Inc. et al.* (C.A. No. 11-797, D.I. 216 at 5) ("*Apple*"). Each Standard is publicly available, and FastVDO bases its infringement contentions for each of the 17 defendants solely upon its allegation that each defendant practices at least one of the Standards. Thus, the Court need only consider the publicly available Standards to decide the proposed summary judgment motions.

    The ultimate burden of proving infringement rests with the patentee. An accused infringer seeking summary judgment of noninfringement, however, may meet its initial

---

[1] *See, e.g., FastVDO v. Fox*, Civ. No. 12-1436, (D.I. 36).
[2] The Defendants joining in this letter are Autodesk Inc. (Civ. No. 12-1412); Avid Technology Inc. (#1413); Corel Inc. (#1415); Grass Valley USA LLC (#1417); Harmonic Inc. (#1418) Harris Corporation (#1419); Hulu LLC (#1420); Lions Gate Entertainment Inc. (#1421); NetFlix Inc. (#1425); NVIDIA Corporation (#1426); Rovi Corporation (#1428); Technicolor Inc. et al. (#1429), Texas Instruments Incorporated (#1430); Universal Studios LLC, et al. (#1432); UTC Fire & Security Americas Corporation Inc., et al. (#1433); Warner Bros. Entertainment Inc. ("Warner Bros.") (#1435); and Twentieth Century Fox Film Corporation ("Fox") (#1436).
[3] *See, e.g., FastVDO v. Fox*, Civ. No. 12-1436, Complaint (D.I. 1) at ¶ 6.

The Honorable Richard G. Andrews
December 6, 2013
Page 2 of 4

responsibility either by providing evidence that would preclude a finding of infringement, or by showing that the evidence fails to establish a material issue of fact essential to the patentee's case. *See Novartis Corp. v. Ben Venue Labs., Inc.,* 271 F.3d 1043, 1046 (Fed. Cir. 2001). This Court's previous claim constructions relating to the '081 patent, in *FastVDO v. Apple Inc. et al.* (D.I. 216), preclude a finding of infringement based on compliance with the Standards.

Plaintiff asserts only two independent claims—claims 12 and 26.[4] Both claims recite a "method of coding, storing or transmitting, and decoding" data. Both claims require the use of an "invertible linear transform" [claim 12] or "invertible linear forward transform" [claim 26] to code or decode that data. In a co-pending case involving the same patent and same asserted claims, this Court has definitively construed these terms to mean "a **lapped transform**, that is, one where pixels from adjacent blocks are utilized in the calculation of transform coefficients for the working block, which implements the transform coder." *See FastVDO v. Apple Inc. et al.* (D.I. 216 at 4). As described in the '081 patent, lapped transforms eliminate "blocking artifacts," (*i.e.*, visually perceivable discontinuities at the edges/interfaces between adjacent blocks throughout the encoded image). *See, e.g.,* '081 Patent, Abstract. Simple block transforms do not. The parties in *Apple* agreed with the Court that briefing and construction of the terms "invertible linear transform" and "invertible linear forward transform" were the "most important" of the terms that were at issue. (*Id.*, Claim Construction Hr'g Tr. at 113, Mar. 22, 2013.) Indeed, this Court carefully laid out the parties' arguments and devoted nearly three full pages of its *Markman* order to explaining the rationale for its construction. Construction of these terms is "most important" here as well because they are dispositive of the issue of infringement.

FastVDO's infringement contentions rely on the Standards as evidence of infringement.[5] For example, for each defendant with H.264 compliant products or services, FastVDO's evidence of infringement with respect to the "invertible linear transform" of claim 12 is a citation to ITU-T H.264 (03/2010) at § 8.5.12.2 ("Scaling and transformation process for residual 4x4 blocks"). (*See* Warner Bros. 4(c) Disclosures at 9-10.) But nowhere in the H.264 standard's description of executing the transformation of the 4x4 residual block is there a lapped transform as construed by this Court—*i.e.*, pixels from adjacent blocks that are utilized in the calculation of transform coefficients for the working block. Rather, the standard specifies simple block transforms, which only use pixels from the block being transformed. The same is true of the VC-1 standard.[6] In other words, practicing either of the accused Standards does not and cannot

---

[4] Plaintiff also asserts infringement of a number of dependent claims, which rise or fall with the independent claims, as one cannot infringe a dependent claim without infringing the claim on which it depends. *Teledyne McCormick Selph v. United States*, 558 F.2d 1000, 1004 (Ct. Cl. 1977).

[5] *See, e.g.,* Plaintiff FastVDO LLC's Disclosures Under Section 4(c) of the Delaware Default Standard For Discovery of Electronically Stored Information to Warner Bros., dated October 11, 2013 ("Warner Bros. 4(c) Disclosures").

[6] Indeed, the VC-1 standard explicitly distinguishes and defines "overlapped transforms" in the same manner as this Court—as "modified block based transforms that exchange information

The Honorable Richard G. Andrews
December 6, 2013
Page 3 of 4

use a lapped transform.  These facts are not in dispute and preclude a finding of infringement.  Should FastVDO contest these facts, Defendants are prepared to present conclusive evidence that neither of the Standards employs lapped transforms as defined by this Court.

Based on FastVDO's infringement contentions, it appears FastVDO will attempt to argue that the accused products and/or services infringe under the doctrine of equivalents ("DOE"), thus allegedly creating a disputed fact issue that precludes summary judgment.[7]  This argument, however, is foreclosed under the doctrine of prosecution history estoppel, which limits application of the DOE when applicants make amendments or arguments in support of patentability during prosecution.  *American Calcar, Inc. v. American Honda Motor Co., Inc*., 651 F.3d 1318, 1340 (Fed. Cir. 2011).  This is true regardless of whether the arguments were actually required to secure allowance of any claims.  *Southwall Technologies, Inc. v. Cardinal IG Co*., 54 F.3d 1570, 1583 (Fed. Cir. 1995).  The asserted '081 patent is a reissue from the original FastVDO patent, U.S. 6,421,464 (the "'464 patent").  During prosecution of the application that resulted in the '464 patent, the applicants made clear on multiple occasions that the invention was limited to a lapped transform.  Mr. Topiwala confirmed this during an interview with the examiner:

> In the interview, counsel and Mr. Topiwala agreed that some features of the instant invention could be found in the three cited references, namely, ***they all deal with lapped orthogonal transforms***.[8]

More importantly, the applicants distinguished the invention over the prior art during prosecution, specifically on the basis that the prior art was not directed to lapped transforms:

> The ***instant invention revolves around the use of lapped transforms***, … [T]he ***Chui, et al. patent makes no reference to lapped transforms*** and no reference to Malvar. … The only verbal overlap is the word "dyadic," which appears in the title of one reference to one of Dr. Chui's own papers which ***has nothing to do with the kind of lapped transforms at issue here***.[9]

The applicants for the original '464 patent thus made a clear and unmistakable surrender of subject matter, limiting the patent claims to lapped transforms and precluding their assertion against the simple block transforms required by the accused Standards.

---

across the block boundary."  (SMPTE 421M-2006, VV-1 Compressed Video Bitstream Format and Decoding Process, § 8.5 at 175.)

[7] *See, e.g.*, Plaintiff FastVDO LLC's Disclosures Under Section 4(c) of the Delaware Default Standard For Discovery of Electronically Stored Information to Grass Valley USA, LLC, dated October 11, 2013, at pp. 3-4.

[8] Office Action Response, 06/13/2001, Remarks at pg. 1, FASTVDO000023 (emphasis added).

[9] Office Action Response, 02/01/2001, Remarks at pg. 2, FASTVDO000041 (emphasis added).

The Honorable Richard G. Andrews
December 6, 2013
Page 4 of 4

      Moreover, FastVDO's DOE theory is barred by the doctrine of claim vitiation, as FastVDO would replace the requirement of a "lapped transform" under the Court's claim construction with its antithesis, a "non-lapped" transform . Courts properly refuse to apply the doctrine of equivalents "where the accused device contained the antithesis of the claimed structure." *Planet Bingo, LLC v. GameTech Intern., Inc.*, 472 F.3d 1338, 1345 (Fed. Cir. 2006). *See also Athletic Alternatives, Inc. v. Prince Manufacturing, Inc.*, 73 F.3d 1573 (Fed. Cir. 1996). FastVDO cannot now argue that the disclaimed subject matter of non-lapped transforms (such as the H.264 or VC-1 transforms) is covered by the '081 patent, either literally in the re-issued claims or under the doctrine of equivalents.

      In sum, there can be no infringement here under the construction of the "invertible linear transform" and "invertible linear forward transform" steps of the asserted claims. There is no literal infringement because neither Standard employs lapped transforms such that pixels from adjacent blocks are utilized in the calculation of transform coefficients for the working block. And FastVDO is precluded from arguing DOE infringement by the doctrines of prosecution history estoppel and vitiation.

      Moreover, those defendants who do not perform the required steps of encoding and/or decoding cannot be found liable for infringement, whether direct or indirect. Without direct infringement, there can be no indirect infringement. Nor can FastVDO show the required level of intent for inducement—that defendants who do not themselves encode or decode knowingly induced others to perform the steps of FastVDO's claimed method, *i.e.,* to encode or decode using lapped transforms.

      For the foregoing reasons, Defendants each respectfully request permission to file an early motion for summary judgment of noninfringement of the '081 patent.

la-1230365

                                      Respectfully,

                                      */s/ John G. Day*

                                      John G. Day

JGD/nml
Attachments
cc:  All Counsel of Record (via electronic mail; w/attachments)

{00812262;v1 }